UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

CAROLYN DYKES, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

VAN RU CREDIT CORPORATION,

        Defendant.
_____/

Case No. 1:17-cv-01111-AJT-JFA

## DEFENDANT VAN RU CREDIT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Van Ru Credit Corporation ("Van Ru"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Carolyn Dykes (Plaintiff), and states:

### I. Introduction

1. Van Ru admits Plaintiff purports to bring this action on behalf of a class for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, but denies any violations, liability and wrongdoing under the law. Except as specifically admitted, Van Ru denies the allegations in ¶ 1.

### II. Jurisdiction

2. Van Ru admits the allegations in ¶ 2 for jurisdiction venue purposes only.

3. Van Ru admits the allegations in ¶ 3 for jurisdiction and venue purposes only.

### III. Parties

4. Van Ru denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5. Van Ru admits that it is an Illinois corporation and part of its business is the collection of debts. Van Ru further admits that is uses instrumentalities of interstate commerce in the normal course of its business activities. Except as specifically admitted, Van Ru denies the allegations in ¶ 5 as calling for a legal conclusion.

### IV. Factual Allegations

6. Van Ru denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

7. Van Ru denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8. Van Ru denies the allegations in ¶ 8 as calling for a legal conclusion.

9. Van Ru admits that a Citibank Student Loan debt was placed with Van Ru for collection. Except as specifically admitted, Van Ru denies the allegations in ¶ 9.

10. Van Ru admits that it forwarded correspondence to plaintiff of the type attached as Exhibit A. Except as specifically admitted, Van Ru denies the allegations in ¶ 10.

11. Van Ru admits the allegations in ¶ 11.

12. Van Ru denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13. The letter speaks for itself and is the best evidence of its contents. To the extent that the allegations in ¶ 13 state otherwise, they are denied.

14. The letter speaks for itself and is the best evidence of its contents. To the extent that the allegations in ¶ 14 state otherwise, they are denied.

15. Page 2 of the letter speaks for itself and is the best evidence of its contents. To the extent that the allegations in ¶ 15 state otherwise, they are denied.

16. Van Ru denies the allegations in ¶ 16.

17. Page 2 of the letter speaks for itself and is the best evidence of its contents. To the extent that the allegations in ¶ 17 state otherwise, they are denied.

18. Van Ru denies the allegations in ¶ 18 as calling for a legal conclusion.

19. Van Ru denies the allegations in ¶ 19 as calling for a legal conclusion.

20. Van Ru denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.

21. The letter speaks for itself and is the best evidence of its contents. To the extent that the allegations in ¶ 21 state otherwise, they are denied.

22. Van Ru denies the allegations in ¶ 22 as calling for a legal conclusion.

23. Van Ru admits that it forwarded correspondence to plaintiff on or about July 27, 2017. Except as specifically admitted, Van Ru denies the allegations in ¶ 23.

24. Van Ru denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25. Van Ru denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein.

26. Van Ru denies the allegations in ¶ 26 as calling for a legal conclusion.

27. Van Ru denies the allegations in ¶ 27.

28. Van Ru denies the allegations in ¶ 28.

29. Van Ru denies the allegations in ¶ 29.

30. Van Ru denies the allegations in ¶ 30.

31. Van Ru denies the allegations in ¶ 31 for lack of knowledge or information sufficient to form a belief therein.

### V. Class Allegations

32. Van Ru incorporates the foregoing as if fully stated herein.

33. Rule 23 of the Federal Rules of Civil Procedure speaks for itself and is the best evidence of its contents. To the extent that the allegations in ¶ 33 state otherwise, they are denied.

34. Van Ru denies the allegations in ¶ 34 and further denies that this lawsuit meets the requirements of a class action.

35. Van Ru denies the allegations in ¶ 35 and further denies that this lawsuit meets the requirements of a class action.

36. Van Ru denies the allegations in ¶ 36 and further denies that this lawsuit meets the requirements of a class action.

37. Van Ru denies the allegations in ¶ 37 and further denies that this lawsuit meets the requirements of a class action.

38. Van Ru denies the allegations in ¶ 38 and further denies that this lawsuit meets the requirements of a class action.

39. Van Ru denies the allegations in ¶ 39 and further denies that this lawsuit meets the requirements of a class action.

40. Van Ru denies the allegations in ¶ 40 and further denies that this lawsuit meets the requirements of a class action.

### VI. Claims for Relief

41. Van Ru incorporates the foregoing as if fully stated herein.

42. Van Ru denies the allegations in ¶ 42 as calling for a legal conclusion.

43. §1692e of the FDCPA speaks for itself and is the best evidence of its contents. To the extent that the allegations in ¶ 43 state otherwise, they are denied.

44. §1692f of the FDCPA speaks for itself and is the best evidence of its contents. To the extent that the allegations in ¶ 44 state otherwise, they are denied.

45. §§1692g, 1692g(a)(3), g(a)(4) and g(a)(5) of the FDCPA speak for themselves and are the best evidence of their content. To the extent that the allegations in ¶ 45 state otherwise, they are denied.

46. Van Ru denies the allegations in ¶ 46 as calling for a legal conclusion.

47. Van Ru denies the allegations in ¶ 47.

48. Van Ru denies the allegations in ¶ 48.

49. Van Ru denies the allegations in ¶ 49, including its subparts (a) through (d).

50. Van Ru denies the allegations in ¶ 50, including its subparts (a) through (c).

51. Van Ru denies the allegations in ¶ 51 and further denies that this lawsuit meets the requirements of a class action.

52. Van Ru denies the allegations in ¶ 52 and further denies that this lawsuit meets the requirements of a class action.

## Demand for Jury Trial

53. Van Ru denies that plaintiff is entitled to a jury trial.

## Prayer for Relief

54. Van Ru denies that plaintiff is entitled to the relief sought in ¶ 54, including its subparts (A) through (E).

## VAN RU'S AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. Van Ru denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of Van Ru's purported violations.

3. One or more claims asserted by Plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming that Plaintiff suffered any damages, she has failed to mitigate his damages or take other reasonable steps to avoid or reduce her damages.

5. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than Van Ru and were beyond the control or supervision of Van Ru or for whom Van Ru was and is not responsible or liable.

6. Plaintiff has failed to state a claim against Van Ru upon which relief may be granted.

7. This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

8. Plaintiff fails in whole or in part to satisfy the requirements for a class action.

9. Plaintiff's claims may be preempted by an arbitration agreement and/or barred by a class action bar.

WHEREFORE, Defendant, Van Ru Credit Corporation, requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

*/s/Harijot S. Khalsa*
Harijot S. Khalsa, Esq. (SBN 78682)
Sessions, Fishman, Nathan & Israel, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Telephone: (657) 445-6089
Facsimile: (619) 296-2013
hskhalsa@sessions.legal
Attorneys for Defendant,
Van Ru Credit Corporation

**CERTIFICATE OF SERVICE**

I certify that on December 18, 2017, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

| | |
|---|---|
| Thomas R. Breeden, Esq. | Brian L. Bromberg, Esq. |
| 10326 Lomond Drive | Bromberg Law Office, P.C. |
| Manassas, VA 20109 | 26 Broadway, 21st Floor |
| | New York, NY 10004 |

*/s/Harijot S. Khalsa*
Harijot S. Khalsa, Esq.